UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ROLANDO VASQUEZ
GARCIA,

       Petitioner,

    v.                       Case No.:  2:26-cv-00374-SPC-DNF

MATTHEW MORDANT *et al.*,

       Respondents,

                              /

## OPINION AND ORDER

Before the Court are petitioner Jose Rolando Vasquez Garcia's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Vasquez Garcia's reply (Doc. 5).  For the below reasons, the Court grants the petition.

### A. Background

Vasquez Garcia is a native of El Salvador.  He once held lawful immigration status but lost it due to a conviction for larceny, and he was removed from the United States in 1999.  He re-entered the county later that year and was caught at the border.  He remained in custody until he was removed in September 2001.  Vasquez Garcia entered the country again in April 2004.  He remained undetected by immigration authorities until he was pulled over for a traffic violation in 2012.  On September 21, 2012, an immigration judge ordered him removed.  But on October 16, 2013, while in

Immigration and Customs Enforcement ("ICE") custody, he was granted

withholding of removal. ICE then released him under an order of supervision.

Vasquez Garcia complied with the terms of that order for more than 12 years.

He has two U.S. citizen children.

Vasquez Garcia reported to an ICE office for a check-in appointment on

January 5, 2026. ICE revoked his release and arrested him. He is currently

detained at Alligator Alcatraz. Vasquez Garcia challenges the legality of his

detention under the Due Process Clause of the Fifth Amendment, *Zadvydas v.*

*Davis*, 533 U.S. 678 (2001), the Immigration and Nationality Act ("INA") and

its implementing regulations, and the Administrative Procedures Act.

## B. Jurisdiction

Before addressing the merits of Vasquez Garcia's claim, the Court must

address its jurisdiction. The respondents argue two sections of the INA strip

the Court of jurisdiction over this action. They first point to a provision that

bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any
> other provisions of law (statutory or nonstatutory),
> including section 2241 of Title 28, or any other habeas
> corpus provision, and sections 1361 and 1651 of such title,
> no court shall have jurisdiction to hear any cause or claim
> by or on behalf of any alien arising from the decision or
> action by the Attorney General to commence proceedings,
> adjudicate cases, or execute removal orders against any
> alien under this chapter.

8 U.S.C. § 1252(g).  This jurisdictional bar is narrow.  "The provision applies

only to three discrete actions that the Attorney General may take: her 'decision

or action' to 'commence proceedings, adjudicate cases, or execute removal

orders.'"  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471,

482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did

not interpret this language to sweep in any claim that technically can be said

to 'arise from' the three listed actions of the Attorney General.  Instead, we

read the language to refer to just those three specific actions themselves.").

"When asking if a claim is barred by § 1252(g), courts must focus on the action

being challenged."  *Canal A Media Holding, LLC v. United States Citizenship

and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including
> interpretation and application of constitutional and
> statutory provisions, arising from any action taken or
> proceeding brought to remove an alien from the United
> States under this subchapter shall be available only in
> judicial review of a final order under this section.  Except
> as otherwise provided in this section, no court should have
> jurisdiction, by habeas corpus under section 2241 or title
> 28 or any other habeas corpus provision, by section 1361 or
> 1651 of such title, or by any other provision of law
> (statutory or nonstatutory), to review such an order or such
> question of law or fact.

8 U.S.C. § 1252(b)(9).  The zipper clause only applies to claims requesting

review of a removal order.  *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362,

1365 (11th Cir. 2006) (holding the INA did not divest the district court of

jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Vasquez Garcia does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Vasquez Garcia challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Vasquez Garcia's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

### C. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not

practically attainable, detention no longer serves its statutory purpose of
"assuring the alien's presence at the moment of removal." *Id.* at 699. The
Court found it unlikely Congress "believed that all reasonably foreseeably
removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of
uniform administration in the federal courts," it established a "presumptively
reasonable period of detention" of six months—the 90-day removal period plus
an additional 90 days. *Id.* Courts use a burden-shifting framework to judge
the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe
> that there is no significant likelihood of removal in the reasonably
> foreseeable future, the Government must respond with evidence
> sufficient to rebut the showing.

*Id.* The presumptively reasonable six-month period for detention pending
removal commences at the beginning of the removal period. *Akinwale v.
Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention
has expired, *Zadvydas*'s burden-shifting framework applies. Vasquez Garcia
has carried his initial burden by showing a good reason to believe there is no
significant likelihood of removal in the reasonably foreseeable future. The
government cannot remove Vasquez Garcia to his native El Salvador, and it
has taken no steps to remove him to a third country. The burden thus shifts
to the respondents, but they make no attempt to carry it.

**D. Conclusion**

The Court finds no significant likelihood Vasquez Garcia will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, DHS can detain Vasquez Garcia to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Jose Rolando Vasquez Garcia Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Vasquez Garcia within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record